IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| SELAI AKBAR HUSSAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16cv1323 (JCC/IDD) |
| | ) | |
| | ) | |
| ACCA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on the Defendant's Motion to Dismiss for Improper Service of Process and Failure to State a Claim. [Dkt. 4.] For the following reasons, the Court will deny Defendant's motion. Additionally, the Court will order Plaintiff to file a more particularized Complaint.

**I. Background**

This case is brought by *pro se* Plaintiff Selai Akbar-Hussain ("Plaintiff") against ACCA, Inc. ("Defendant" or "ACCA"). Plaintiff alleges that Defendant engaged in unlawful discrimination and failed to make appropriate accommodations. (Compl. [Dkt. 1-1] at 4.) Plaintiff also alleges that she was wrongfully terminated in retaliation. (*Id.*)

Plaintiff was formerly employed by Defendant as a Child Development Aide at ACCA. On November 18, 2014, Plaintiff

1

requested a mediation meeting with Maria-Isabel Balivian, ACCA's Director, and Jennifer Shaw, Plaintiff's supervisor, to discuss communication issues between Plaintiff and her co-teacher, Selam Guya. (Def. Mem. in Supp. at 2-3; Compl. at 4, ¶ 1.) Plaintiff alleges that the topic of conversation focused instead on her mental health. (Compl. at 4, ¶ 1.) She alleges that she was told that she was "too sensitive," her "perspective was askew," and that she was "unable to do [her] job." (*Id.*) Plaintiff also alleges that ACCA staff recommended a mental health facility to her that could provide medication and therapy for those without health insurance. (*Id.*)

On November 19, 2014, Plaintiff arrived at work and asked to speak to Ms. Shaw. (Compl. at 4, ¶ 2.) Plaintiff alleges that she expressed concern about the comments made during the prior day's meeting about her mental health. (*Id.*) She believed that the topic was a distraction from "the real issue." (*Id.*) She also alleges that she informed Ms. Shaw that she had "done [her] research the night before" regarding her ADA rights. (*Id.*) Plaintiff claims that Ms. Shaw immediately asked her to go home on administrative leave. (*Id.*) Plaintiff allegedly told Ms. Shaw that she was able to work and that she was worried that "[sending her home] was a form of retaliation for speaking up for [her] rights." (*Id.*) Ms. Shaw allowed Plaintiff to go to her classroom, where Plaintiff taught for

2

most of the day. (*Id.*) Around 2 pm that afternoon, however, Plaintiff was asked to go to Ms. Balivian's office, where she met with Ms. Balivian and Ms. Shaw. (*Id.* ¶ 3.) Plaintiff was then terminated. (*Id.*) Plaintiff alleges that she asked if she was being fired because she voiced concerns over ACCA's actions towards her the prior day. (*Id.*) Plaintiff also allegedly asserted that it was illegal to fire her for speaking up for her rights. (*Id.*) Plaintiff claims that Ms. Balivian responded to Plaintiff by clarifying that, in Virginia, employment is at-will, so ACCA did not need an excuse for firing her. (*Id.*) Plaintiff was then escorted out of the building. (*Id.*)

Plaintiff also alleges that she was diagnosed with bipolar disorder and Attention Deficit Hyperactivity Disorder ("ADHD") in 2010. (Compl. at 3.) She claims that she takes three medications to manage her mental health, as well as attends regular appointments with a therapist and a psychiatrist. (*Id.*)

Plaintiff filed suit in state court on September 28, 2015. [*See* Dkt. 1-1 at 2.] On October 19, 2016, Defendant filed a notice of removal to federal court. [Dkt. 1.] On October 26, 2016, Defendant filed the instant motion to dismiss. [Dkt. 4.] On November 14, 2016, Plaintiff filed her memorandum in opposition, [Dkt. 6.], to which Defendant replied on November

21, 2016, [Dkt. 8.]. Defendant's motion is now ripe for disposition.

## II. Standard of Review

### A. Motion to Dismiss under Rule 12(b)(5) for Improper Service of Process

"[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (4th Cir. 2010) (internal citation omitted). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304 (4th Cir. 1998) (internal citation omitted). However, when "the defendant [has] actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. . . . [E]very technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Armco, Inc. v. Penrod-Staufer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

### B. Motion to Dismiss under Rule 12(b)(6) for Failure to State a Claim

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*,

4

980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Supreme Court has stated that in order "[t]o survive a motion to dismiss, a [c]omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citations omitted). While legal conclusions can provide the framework for a complaint, all claims must be supported by factual allegations. *Id.* Based upon these allegations, the court must determine whether the plaintiff's pleadings plausibly give rise to an entitlement for relief. *Id.* Legal conclusions couched as factual allegations are not sufficient, *Twombly*, 550 U.S. at 555, nor are "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). The plaintiff, however, does not have to show a likelihood of success; rather, the complaint

5

must merely allege-directly or indirectly-each element of a "viable legal theory." *Twombly*, 550 U.S. at 562-63.

At the motion to dismiss stage, the court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Iqbal*, 556 U.S. at 678. Generally, a district court does not consider extrinsic materials when evaluating a complaint under Rule 12(b)(6). It may, however, consider "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006). In addition, the court may consider documents attached to the defendant's motion to dismiss if those documents are central to the plaintiff's claim or are "sufficiently referred to in the complaint," so long as the plaintiff does not challenge their authenticity. *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006).

The Court construes the *pro se* Complaint in this case more liberally than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Further, the Court is aware that "[h]owever inartfully pleaded by a pro se plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief." *Thompson v.*

*Echols*, No. 99-6304, 1999 WL 717280, at *1 (4th Cir. 1999) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)). Nevertheless, while *pro se* litigants cannot "be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985). Thus, even in cases involving *pro se* litigants, the Court "cannot be expected to construct full blown claims from sentence fragments." *Id.* at 1278. Further, the Court may not construct a plaintiff's legal arguments for him or her. *See, e.g., Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

### III. Analysis

A. <u>Motion to Dismiss under Rule 12(b)(5) for Improper Service of Process</u>

In the Commonwealth of Virginia, the plaintiff must serve process within twelve months of commencing an action. *See* Va. Code § 8.01-275.1. Process may be served on corporations in the following ways relevant to this case: (1) by personal service on any officer, director, or registered agent; or (2) by substituted service in accordance with Virginia Code § 13.1-836. *See* Va. Code § 8.01-299.

Section 13.1-836 of the Virginia Code allows for substituted service by permitting a registered agent to

7

designate a natural person to receive process on his or her behalf at the registered office, as well as by allowing the registered agent to authorize receipt of process via facsimile. Va. Code § 13.1-836(A). The provision also permits service of process on the clerk of the Commission whenever a corporation fails to appoint or maintain a registered agent in the Commonwealth or whenever the agent cannot be found with "reasonable diligence" at the registered office. *Id.* § 13.1-836(B). Finally, the provision clarifies that it "does not prescribe the only means, or necessarily the required means, of serving a corporation." *Id.* § 13.1-836(C).

Defects in process that are otherwise timely served can be saved by Virginia Code § 8.01-288. It provides:

> Except for process commencing actions for divorce or annulment of marriage or other actions wherein service of process is specifically prescribed by statute, process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter.

*Id.* § 8.01-288. This provision applies to service of process on corporations. *See Pennington v. McDonnell Douglas Corp.*, 576 F. Supp. 868, 872 (E.D. Va. 1983) (holding that Virginia Code § 8.01-288's terms specifically apply to corporations); *Frey v. Jefferson Homebuilders, Inc.*, 251 Va. 375, 379-80 (1996) (finding no language to indicate a legislative intent to exclude the service provisions of Virginia Code § 8.01-299 from the

8

saving provision of Virginia Code § 8.01-288). Moreover, "[u]nder Virginia Code § 8.01-288, once process comes to the defendant's attention, it is of no consequence that the means by which Plaintiff initially attempted to serve process were improper." *Goldbelt Wolf, LLC v. Operational Wear Armor, LLC*, 2016 WL 1756487, at *3 (E.D. Va. May 3, 2016) (internal citations omitted).

In the instant case, Plaintiff's lawsuit commenced in state court on September 28, 2015. [Dkt. 1-1.] Under Virginia law, Plaintiff was required to serve process by September 28, 2016. She did so by delivering a copy of the summons and complaint to Carol Robinson-Huntley, ACCA's office coordinator, that same day. (*See* Aff. of Serv. [Dkt. 5-3].) ACCA does not appear to dispute that it had notice of Plaintiff's lawsuit at that time. Accordingly, the Court finds that Plaintiff's service was timely.

ACCA nevertheless alleges that Plaintiff's service was improper because Ms. Robinson-Huntley is not an officer, director, or registered agent of ACCA. (*See* Huntley Decl. [Dkt. 5-2] ¶ 3.) Moreover, ACCA claims that she has "no level of authority whatsoever" to accept service of process on its behalf. (Def. Mem. in Supp. at 6; *see also* Huntley Decl. ¶ 4.). ACCA clarifies that its registered agent is Homer C. Christensen, [*see* Dkt. 5-4], but fails to respond to Plaintiff's

allegation that Mr. Christensen's office is not located at the registered address, (Pl. Mem. in Opp. at 2.).

Ultimately, the Court finds ACCA's arguments unpersuasive. Based upon the record presently before the Court, Plaintiff's service of process was improper under Virginia law. *See* Va. Code §§ 8.01-299, 13.1-836. However, because Plaintiff's service was timely, the saving provision of Virginia Code § 8.01-288 applies. Once applied, Virginia Code § 8.01-288 dictates that "[h]ow the process comes to the defendant's attention is no longer of any consequence in Virginia." *Pennington*, 576 F. Supp. at 872. Thus, the Court finds that Plaintiff's service of process was sufficient under Virginia law.

    B.    <u>Motion to Dismiss under Rule 12(b)(6) for Failure to State a Claim</u>

Because Plaintiff is a *pro se* litigant, and dismissal is too harsh a remedy under the circumstances, the Court directs Plaintiff to submit a particularized amended complaint that comports to the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a)(2), (d)(1). The body of the particularized complaint must set forth clearly, in separately numbered paragraphs, a short statement of the facts giving rise to a claim for relief. Thereafter, in separately named sections, Plaintiff must clearly identify each right that has been

violated. She should do so with the requisite specificity, so as to give Defendant notice of her claims. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987) (quoting *Hobson v. Wilson*, 737 F.2d 1, 29 (D.C. Cir. 1984)). Plaintiff must also explain in each section why she believes that Defendant is liable to her for the violation of any rights. Such explanation should reference the numbered factual paragraphs in the body of the particularized complaint that support that assertion. Finally, Plaintiff should include a prayer for relief.

The particularized pleading will replace the prior Complaint and must stand or fall of its own accord. In other words, Plaintiff should not reference statements made in the prior Complaint in her new pleading. Plaintiff is warned that failure to comply with the Court's instructions may result in dismissal of her action. *See* Fed. R. Civ. P. 41(b).

## IV. Conclusion

For the foregoing reasons, the Court will deny Defendant's motion to dismiss and order Plaintiff to file a more particularized Complaint.

An appropriate Order will issue.

                                    /s/
November 29, 2016                James C. Cacheris
Alexandria, Virginia      UNITED STATES DISTRICT COURT JUDGE