IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| SELAI AKBAR-HUSSAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16cv1323 (JCC/IDD) |
| | ) | |
| | ) | |
| ACCA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on the Defendant's Partial Motion to Dismiss and Motion to Strike Claim for Compensatory and Punitive Damages and Jury Demand.  [Dkt. 15.] For the following reasons, the Court will grant Defendant's partial motion to dismiss.  The Court will also grant Defendant's motion to strike.

**I. Background**

This case is brought by *pro se* Plaintiff Selai Akbar-Hussain ("Plaintiff") against ACCA, Inc. ("Defendant" or "ACCA").  Plaintiff alleges that she was diagnosed with bipolar disorder and Attention Deficit Hyperactivity Disorder ("ADHD") in 2010.  (Amend. Compl. ¶ 6.)  Due to her mental impairments, Plaintiff alleges that Defendant engaged in unlawful discrimination and failed to make appropriate accommodations for

1

her at work. (*Id.* at 2.) Moreover, Plaintiff claims that Defendant wrongfully terminated her. (*Id.*) The following facts are taken from Plaintiff's Amended Complaint and, for the purposes of this motion, are presumed true.

Plaintiff was formerly employed as a Child Development Aide at ACCA. On November 18, 2014, Plaintiff took part in a mediation meeting with Maria-Isabel Balivian, ACCA's Director, and Jennifer Shaw, Plaintiff's supervisor. (Amend. Compl. ¶ 7.) Plaintiff alleges that the topic of conversation during this meeting was her mental health. (*Id.*) She alleges that she was told that she was "too sensitive," her "disability [was] affect[ing] the way [she] see[s] and think[s] about things," and that she "needed more help than ACCA could offer." (*Id.*) Plaintiff also alleges that ACCA staff recommended a mental health facility to her that could provide medication and therapy. (*Id.*)

The following day, Plaintiff arrived at work and asked to speak to Ms. Shaw. (Amend. Compl. ¶ 9.) Plaintiff alleges that she expressed concern about the comments made about her mental health during the prior day's meeting. (*Id.*) More specifically, she alleges that she informed Ms. Shaw that she had ADA rights that protected her from discrimination. (*Id.*) Plaintiff claims that Ms. Shaw told her to go home for the day. (*Id.*) Plaintiff allegedly told Ms. Shaw that she was able to

2

work and that sending her home would amount to unlawful retaliation.  (*Id.*)  Ms. Shaw then allowed Plaintiff to go to her classroom.  (*Id.* ¶¶ 9-10.)  That afternoon, however, Plaintiff was asked to report to Ms. Balivian's office, where she met with Ms. Balivian and Ms. Shaw.  (*Id.* ¶ 10.)  Plaintiff was then terminated.  (*Id.*)  Plaintiff alleges that she asked if she was being fired because she had voiced concerns over ACCA's actions towards her the previous day.  (*Id.*)  Plaintiff claims that Ms. Balivian responded to Plaintiff's question by clarifying that, in Virginia, employment is at-will, so ACCA did not need an excuse for firing her.  (*Id.*)

Plaintiff filed suit in state court on September 28, 2015.  [*See* Dkt. 1-1 at 2.]  On October 19, 2016, Defendant filed a notice of removal to federal court.  [Dkt. 1.]  On December 14, 2016, Defendant filed the instant partial motion to dismiss and motion to strike.  [Dkt. 15.]  On December 30, 2016, Plaintiff filed her memorandum in opposition, [Dkt. 19], to which Defendant replied on January 5, 2017 [Dkt. 20].  Oral argument was held on January 12, 2017.  Defendant's motions are now ripe for disposition.

## II.  Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the

3

applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Supreme Court has stated that in order "[t]o survive a motion to dismiss, a [c]omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citations omitted). While legal conclusions can provide the framework for a complaint, all claims must be supported by factual allegations. *Id.* Based upon these allegations, the court must determine whether the plaintiff's pleadings plausibly give rise to an entitlement for relief. *Id.* Legal conclusions couched as factual allegations are not sufficient, *Twombly*, 550 U.S. at 555, nor are "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). The plaintiff, however, does not have to show a likelihood of success; rather, the complaint

4

must merely allege-directly or indirectly-each element of a "viable legal theory." *Twombly*, 550 U.S. at 562-63.

At the motion to dismiss stage, the court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Iqbal*, 556 U.S. at 678. Generally, a district court does not consider extrinsic materials when evaluating a complaint under Rule 12(b)(6). It may, however, consider "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006). In addition, the court may consider documents attached to the defendant's motion to dismiss if those documents are central to the plaintiff's claim or are "sufficiently referred to in the complaint," so long as the plaintiff does not challenge their authenticity. *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006).

The Court construes the *pro se* Complaint in this case more liberally than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Further, the Court is aware that "[h]owever inartfully pleaded by a pro se plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief." *Thompson v.*

*Echols*, No. 99-6304, 1999 WL 717280, at *1 (4th Cir. 1999) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)). Nevertheless, while *pro se* litigants cannot "be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985). Thus, even in cases involving *pro se* litigants, the Court "cannot be expected to construct full blown claims from sentence fragments." *Id.* at 1278. Further, the Court may not construct a plaintiff's legal arguments for him or her. *See, e.g., Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

### III. Analysis

A. <u>Partial Motion to Dismiss under Rule 12(b)(6)</u>

Defendant's motion seeks dismissal of Plaintiff's claims for discrimination on the basis of disability, wrongful termination, and failure to make reasonable accommodations, all under the ADA. Defendant argues that Plaintiff has failed to allege that she is within the protected class of the ADA or that she has a qualifying disability. (Def. Mem. in Supp. at 5-9.) In addition, even assuming that Plaintiff is a member of the ADA's protected class, Defendant argues that Plaintiff has failed to plead satisfactory job performance for her discriminatory termination claim and failed to exhaust her

administrative remedies for her failure-to-accommodate claim. (*Id.* at 9-12.) For these reasons, Defendant argues that her claims should be dismissed for failure to state a claim upon which relief can be granted. This Court agrees.

As a preliminary matter, for an ADA claim to survive a motion to dismiss, a plaintiff must adequately allege that she is a "qualified individual with a disability." *Rohan v. Networks Presentations LLC*, 375 F.3d 266, 272 (4th Cir. 2004). First, the ADA defines a qualified individual as someone "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Second, the ADA defines a "disability" as including: "(A) a physical or mental impairment that substantially limits one or more major life activities, (B) a record of such an impairment, or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1); *see also* 29 C.F.R. § 1630.2(g)(1)(i)-(iii). Plaintiff's Amended Complaint fails to adequately allege that she meets either statutory definition.

With regards to being a "qualified individual," the Amended Complaint does not contain sufficient facts to establish Plaintiff's ability to perform the essential functions of her job as a Child Development Aide. Although she states that she "could work," (Amend. Compl. ¶ 9), she does not discuss what

tasks her job entails or explain how she could accomplish those tasks with or without a reasonable accommodation, given her mental impairments. Moreover, Plaintiff did not include any factual allegations about her qualifications. As a result, this Court finds that Plaintiff has not satisfied her pleading obligations under Rule 12(b)(6) to establish that she is a "qualified individual" pursuant to the ADA.

Even if the Court were to assume that Plaintiff is a qualified individual under the statute, she still fails to allege that she has a "disability." *See* 42 U.S.C. § 12102(1). Subsection A provides the first possible definition of this term. *Id.* § 12102(1)(A). Under subsection A, a plaintiff must allege that she is unable to perform, due to her disability, at least one of a variety of tasks central to most people's daily lives. *See Toyota Mfg., Ky., Inc. v. Williams*, 534 U.S. 185, 200-01 (2002); *see also* 29 C.F.R. § 1630.2(h)(1)(i) (listing major life activities). While Plaintiff has alleged that she was diagnosed with bipolar disorder and ADHD in 2010, she has failed to allege that these mental impairments substantially limited her in any major life activity. In fact, her Amended Complaint is devoid of any allegations that either bipolar disorder or ADHD have impacted tasks central to her daily life. Instead, Plaintiff merely alleges that she was experiencing difficulty at work. (*See* Amend. Compl. ¶¶ 6-8.) She does not

describe how those difficulties were or could have been tied to her mental health.  Thus, Plaintiff has failed to allege sufficient facts to establish that her bipolar disorder and ADHD qualify as a "disability" under subsection A of the statute.

Under subsection C, a plaintiff can still establish a viable claim if she sufficiently alleges that either "(1) the covered entity mistakenly believes that [she] has a physical [or mental] impairment that substantially limits one or more of the major life activities of such individual, or (2) a covered entity mistakenly believes that an actual, non-limiting impairment substantially limits one or more major life activities."  *Haulbrook v. Michelin N. Am.*, 252 F.3d 696, 703 (4th Cir. 2001) (citing *Sutton v. United Air Lines*, 527 U.S. 471, 489 (1999)).  In both instances, the employer must have perceived Plaintiff as "significantly restricted in [her] ability to perform either a class of jobs or a broad range of jobs in various classes."  *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 303 (4th Cir. 1998).

In the instant case, the Amended Complaint does not contain sufficient factual allegations to support the claim that ACCA regarded Plaintiff as substantially limited in her ability to work for two reasons.  First, the Amended Complaint does not allege that ACCA viewed Plaintiff as unable to work in the child care industry generally or in any other class of job.  In

addition, it fails to include any allegations that ACCA regarded Plaintiff as substantially limited in her ability to perform her specific job at ACCA, whether due to her bipolar disorder, ADHD, or both. The Amended Complaint does allege that ACCA was aware of Plaintiff's mental health issues, which Defendant disputes, as well as that she had been told that her thinking was affecting her work performance. (*See* Amend. Compl. ¶ 6.) However, Plaintiff does not allege any facts to help establish that ACCA believed her bipolar disorder and ADHD prevented her from working. Accordingly, Plaintiff has failed to allege sufficient facts to plead that she has a disability under the ADA.[1]

Given Plaintiff's failure to allege sufficient facts to establish that she is a qualified individual with a disability under the ADA, the Court will grant Defendant's motion to dismiss Plaintiff's ADA discrimination claim. The Court will also dismiss Plaintiff's discriminatory termination and failure-to-accommodate claims, as the former requires the Plaintiff to establish that she is within the ADA's protected

---

[1] The Court declines to address subsection B of 42 U.S.C. § 12102(1) (involving a record of impairment) because the parties have not addressed it in their briefs. The Court notes, however, that Plaintiff has not included sufficient factual allegations regarding a record of impairment, beyond stating that she was diagnosed with bipolar disorder and ADHD in 2010. (Amend. Compl. ¶ 6.)

class and the latter requires her to show that she had a disability, both of which she has failed to do.[2]

        B.    Motion to Strike Claim for Compensatory and Punitive Damages and Jury Demand

Plaintiff's sole remaining claim is for retaliation under the ADA. Defendant ACCA argues that compensatory and punitive damages are generally unavailable as a remedy for such claims; it asks the Court to strike such damages pursuant to Federal Rule of Civil Procedure 12(f). (Def. Mem. in Supp. at 12.) Due to Plaintiff's inability to seek compensatory and punitive damages, Defendant also asserts that Plaintiff is strictly limited to equitable relief and, therefore, is not entitled to a jury trial. (*Id.* at 13.) Consequently, Defendant asks the Court to strike Plaintiff's request for a jury as well. (*Id.*)

The question of whether the ADA permits compensatory or punitive damages to be awarded for retaliation-based claims

---

[2] To properly assert wrongful discharge claim under the ADA, for example, a plaintiff must sufficiently allege "that (1) [s]he is within the ADA's protected class; (2) [s]he was discharged; (3) at the time of [her] discharge, [s]he was performing the job at a level that met [her] employer's legitimate expectations; and (4) [her] discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination." *Haulbrook*, 252 F.3d at 702. Here, Plaintiff's Amended Complaint fails because, among other reasons, she has not established that she is a member of the ADA's protected class. In addition, to survive a motion to dismiss for a failure to accommodate claim under the ADA, a plaintiff must sufficiently allege "(1) that [s]he was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of [her] disability; (3) that with reasonable accommodation [s]he could perform the essential functions of the position; and (4) that the [employer] refused to make such accommodations." *Rhoads v. F.D.I.C.*, 257 F.3d 373, 387 n.11 (4th Cir. 2001). Here, Plaintiff failed to establish that she has a disability within the meaning of the ADA. Moreover, Plaintiff conceded at oral argument that she did not need or request any special accommodations.

is a difficult one.  While Defendant is correct that the Fourth Circuit has held in two separate cases that compensatory and punitive damages are not available, neither decision qualifies as binding precedent.  *See Rhoads v. F.D.I.C.*, Fed. App'x 187, 188 (4th Cir. 2004) (unpublished *per curiam* opinion); *Bowles v. Carolina Cargo, Inc.*, 100 F. App'x 889, 890 (4th Cir. 2004) (same).  Thus, the question remains one of first impression.

To date, two other Circuit Courts of Appeal have squarely addressed this issue.  Both have held that compensatory and punitive damages are not available for retaliation-based claims under the ADA.  *See Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1268–70 (9th Cir. 2009); *Kramer v. Banc of America Securities, LLC*, 355 F.3d 961, 965 (7th Cir. 2004).  Though these cases are also not binding precedent on this Court, the Court nevertheless finds their statutory interpretation persuasive.

In *Kramer*, for example, the Seventh Circuit thoroughly examines possible remedies for plaintiffs alleging retaliation under the ADA.  First, the Court notes that the "remedies available to a party making a retaliation claim . . . are . . . determined by reference to 42 U.S.C. § 12117."  355 F.3d at 964.  Section 12117, in turn, provides that the available remedies are those listed in the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e-4 through e-9.  *See* 42 U.S.C. § 12117(a).  The Court reviews these

sections, pointing out that § 2000e-5(g)(1) of the 1964 Act allows courts to order equitable relief. *Kramer*, 355 F.3d at 964 (citing 42 U.S.C. § 2000e-5(g)(1)). At the same time, however, § 2000e-5(g)(1) does not mention compensatory or punitive damages. *Id.* As a result, the Court reasons that such damages are not available, unless the 1991 Civil Rights Act, 42 U.S.C. § 1981a(a)(2), which Congress passed in order to expand the remedies available under § 2000e-5(g)(1) in certain circumstances, makes them available. *Id.* The Court then reviews the language of the 1991 Act. It concludes that the statute only provides compensatory and punitive damages for those claims specifically "listed therein." *Id.* at 965 (citing 42 U.S.C. § 1981a(a)(2)). A retaliation claim under the ADA (§ 12203) is not among those listed. *Id.* Thus, the Court holds that the plain language of § 1981a(a)(2) "does not contemplate compensatory and punitive damages for a retaliation claim under the ADA." *Id.* Or, to put it more simply, such claims are not allowed.

Having adopted the reasoning in *Kramer*, this Court now finds that compensatory and punitive damages are not available for retaliation-based claims under the ADA. Accordingly, the Court will grant Defendant's motion to strike compensatory and punitive damages from Plaintiff's prayer for relief. Without such damages, Plaintiff may seek only equitable relief.

13

Consequently, she "has no statutory or constitutional right to a jury trial."[3] *Kramer*, 355 F.3d at 966.  The Court will therefore grant Defendant's motion to strike the demand for a jury from Plaintiff's Amended Complaint.

### IV.  Conclusion

For the foregoing reasons, the Court will grant Defendant's partial motion to dismiss Plaintiff's ADA claims based on discrimination, discriminatory termination, and failure to make a reasonable accommodation.  The Court will also grant Defendant's motion to strike the request for compensatory and punitive damages as well as the demand for a jury trial.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| January 17, 2017 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |

---

[3] Plaintiff also conceded at oral argument that she was not requesting a jury trial.